09-2182-ag
Zheng v. Holder

BIA
Burr, IJ
A097 952 812

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of May, two thousand ten.

PRESENT:

      JOSÉ A. CABRANES,
      REENA RAGGI,
      PETER W. HALL,
         *Circuit Judges.*

_____

CAI XIN ZHENG, AKA CHAI XIN ZHENG, AKA
CHA XIN ZHENG,
      *Petitioner,*

      v.                09-2182-ag
                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Yu Zhang, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General, Daniel E. Goldman, Senior Litigation Counsel, Brianne Whelan Cohen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cai Xin Zheng, a native and citizen of China, seeks review of an April 27, 2009, order of the BIA affirming the June 29, 2006, decision of Immigration Judge ("IJ") Sarah Burr, denying his application for asylum, withholding of removal, and CAT relief. *In re Cai Xin Zheng*, No. A097 952 812 (B.I.A. Apr. 27, 2009), *aff'g* No. A097 952 812 (Immig. Ct. N.Y. City June 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the BIA's decision alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 622-23 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As amended by the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(i) provides that an asylum "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be

2

at least one central reason for persecuting the applicant."
We detect no error in the BIA's conclusion that Zheng's
asylum claim lacked a sufficient nexus to one of the five
protected grounds.

While a reasonable adjudicator could have found that
Chinese authorities were at least partially motivated to
persecute Zheng on account of disparaging remarks he made
about the government, Zheng articulates no basis for
concluding that a reasonable adjudicator would have been
compelled to find that such a motive played a central role
in Zheng's treatment. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i),
1252(b)(4)(B). That is, China's general intolerance for
dissent does not compel the conclusion that the police
arrested and detained Zheng on account of his political
opinion rather than on account of his interference with the
government's condemnation of Zheng's family home. *See*
*Manzur v. U.S. Dep't. of Homeland Sec.*, 494 F.3d 281, 289
(2d Cir. 2007) ("An IJ's factual finding will be affirmed if
it is supported by evidence that is reasonable, substantial,
and probative when considered in light of the record as a
whole." (internal quotation marks omitted)). In light of
the foregoing, the BIA reasonably denied Zheng's application
for asylum.

3

Because Zheng was unable to establish eligibility for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Substantial evidence also supports the agency's denial of Zheng's application for CAT relief. Although Zheng testified that security guards broke his finger while he was detained for ten days, he also testified that he was released and asked to pay a fine as restitution. Indeed, Zheng provided little more than background country conditions evidence of human rights abuses in China in support of his claim, which is insufficient to establish that he is more likely than not to be tortured upon his return. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 158-60 (2d Cir. 2005). Accordingly, substantial evidence supports the agency's finding that Zheng failed to establish eligibility for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

4

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5